**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| **IN RE COMPLAINT OF JUDICIAL MISCONDUCT** | No. 24-90080 **ORDER** |

Filed October 8, 2024

## ORDER

**MURGUIA**, Chief Judge:

Complainant, an attorney, has filed a complaint of judicial misconduct against a district judge. Review of this complaint is governed by the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 et seq., and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of the complainant and the subject judge shall not be disclosed in this order. See Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct

prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). A chief judge may dismiss a complaint if, following review, he or she finds it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct. See 28 U.S.C. § 352(b)(1)(A)(i)-(iii). Judicial misconduct proceedings are not a substitute for the normal appellate review process and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

Complainant alleges that the district judge committed misconduct by "not disposing promptly" of certain motions to dismiss. He further suggests that an examination of the district judge's calendar could reveal whether the district judge "has a custom and practice of not promptly adjudicating matters."

As to the allegation regarding the motions to dismiss, a review of the record indicates that the district judge ruled on the motions to dismiss slightly over six months after the district judge took the motions under submission. The district judge shared with all parties the details of his significant caseload in an effort to explain why additional time was required to resolve the motions, and, in light of the exceedingly heavy caseload experienced throughout the district, slightly over six months is not unreasonable.

Without a showing of an "improper motive in delaying a particular decision or a habitual delay in a significant number of unrelated cases," delay alone is not cognizable misconduct. Judicial-Conduct Rule 4(b)(2). Because there is no indication that the district judge harbored an improper motive, and because the district judge ruled on the motions

to dismiss in slightly over six months, this allegation is dismissed as not cognizable and unfounded.  See 28 U.S.C. § 352(b)(1)(A)(iii) (listing reasons the chief judge may decide to dismiss the complaint, including claims that are frivolous or lacking sufficient evidence to raise an inference that misconduct has occurred); Judicial-Conduct Rule 11(c)(1)(D).

As to the allegation regarding whether the district judge "has a custom and practice of not promptly adjudicating matters," a review of the district judge's record of pending matters reveals that there is no "habitual delay in a significant number of unrelated cases."  Although federal courts strive to resolve pending matters expeditiously, delays do occur; thus, any allegation of habitual delay must be considered in the context of the workload of the subject judge and the district as a whole.  After a review of the district judge's record of pending matters, the workload of the district judge, as well as the workload of judges in the district, this allegation is dismissed as unfounded.  See id.

**DISMISSED.**